UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 1:05-CR-10006-02 |
| -vs- | JUDGE DRELL |
| WILLIAM GLEN SCHROEDER | MAGISTRATE JUDGE PEREZ-MONTES |

## ORDER

Before the Court is a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion") filed by Defendant, William Glen Schroeder ("Schroeder"). (Doc. 121). The Government has filed an opposition to the Motion (Doc. 135) and Schroeder has filed his reply. (Doc. 140). This matter is ripe for consideration. For the reasons set forth below, Schroeder's Motion to Reduce Sentence is **DENIED**.

I.  BACKGROUND

In October 2002, Schroeder pleaded guilty to armed bank robbery and possession of a firearm in relation to a crime of violence.[1] He was sentenced to 319 months in federal prison for the offense. Id. This 319-month sentence was to run consecutively to a 24-month term of imprisonment imposed for violating parole relating to a prior bank robbery. Id. Absent other issues, he would have completed his term of imprisonment for these offenses in 2030 or 2031.

While incarcerated for the bank robbery, Schroeder and two cellmates violently attacked two fellow inmates with jail made knives causing permanent eye damage to one of the victims. (Doc. 135). According to Schroeder's statement at the time, he forced his accomplices to

---

[1] United States of America v. Schroeder, et al, No. 8:02-cr-00030-SDM-AAS-1, (M.D. Fla., Filed Jan. 24, 2002), (Doc. 110).

1

participate in the attack, provided his accomplices with stabbing instruments, and his accomplices did not actually stab either victim. (Doc. 135-2). Rather it was Schroeder who actually stabbed the victims. (Id.).

Schroeder pleaded guilty to two counts of assault with a dangerous weapon in violation of 18 U.S.C. § 1113(a)(3). (Doc. 41-2). He was sentenced to 88 months imprisonment as to count 1 to run consecutively to the 319-month term imposed for his second Florida bank robbery. (Doc. 44). He was sentenced to an additional 87 months as to count 2 to run consecutively to count 1. (Id.). Schroeder has not yet begun to serve his sentence for the violent assault that he committed against his fellow inmates.

Though Schroeder has not begun the sentence imposed by the Court, he has filed the present Motion pursuant to 18 U.S.C. § 3582(c)(1) seeking release on the following grounds:

1. That there is a disparity in sentencing between himself and his co-defendants;
2. That his good conduct in prison over the past 15 years warrants release;
3. That his aging parents need him to be their caregiver; and
4. That his own deteriorating health, namely that he is allegedly going blind, warrants release.

II.   **LEGAL STANDARD**

The First Step Act allows a prisoner to move for a sentence reduction under certain circumstances, commonly called "compassionate release." 18 U.S.C. § 3582; see United States v. Shkambi, 993 F.3d 388, 390-92 (5th Cir. 2021) (describing the history of compassionate release). A prisoner can move for, and the sentencing court may grant compassionate release when "extraordinary and compelling reasons warrant" a reduction of the prisoner's sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). The Fifth Circuit has explained that this requires a prisoner to show that

he "face[s] some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner" that leads "irresistibly" to the conclusion that this prisoner has a "singular" and "remarkable" need for early release. See United States v. Escajeda, 58 F.4th 184, 186 (5th Cir.2023).

A sentence may be modified pursuant to § 3582(c)(1)(A) only by the court that imposed the sentence. See 18 U.S.C. 3582(c)(1)(A); Hernandez v. FCI La Tuna, No. EP-19-CV-112-PRM, 2019 U.S. Dist. LEXIS 72402, at *8 (W.D. Tex. Apr. 30, 2019) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.") quoting Braswell v. Gallegos, 82 F. App'x 633, 635 (10th Cir. 2003); Shkambi, 993 F.3d at 390 ("It is plain from the text of § 3582 that such a "motion" shall be filed [] in the same docket that contains the prisoner's final judgment."); Vega v. Bergami, No. EP-20-CV-127-DCG, 2020 WL 3686141, at *6 (W.D. Tex. July 6, 2020) ("Section 3582 permits the *sentencing court* to reduce or modify a sentence only in [a] limited number of circumstances.) (emphasis added) (internal quotations omitted); Vaughan v. United States, No. 220CV00221BSMJTR, 2020 WL 7861725, at *1 (E.D. Ark. Dec. 31, 2020) ("There is no jurisdiction over Vaughan's request for compassionate release pursuant to 18 U.S.C. § 3582 because only the sentencing court can modify the sentence it imposed."). It thus follows that this Court may not reduce the sentence imposed by the Middle District of Florida that Schroeder is presently serving.

### III.  ANALYSIS

Schroeder sets forth four bases for reduction of the sentence imposed by the Court for his two counts of assault with a dangerous weapon, two of which would remain unaffected by a reduction of his sentence, one that cannot form the basis for a sentence reduction under 18 U.S.C.

§ 3582(c)(1)(A), and one predicated on an assertion that he committed perjury. None of these form a valid basis for a reduction of sentence under 18 U.S.C. §§ 3582(c)(1)(A) or 3553(a).

Schroeder contends that he received a disparate sentence compared to his co-defendants. The Fifth Circuit has consistently held that "where a sentence is within the guidelines range, the unwarranted disparity factor is not afforded significant weight." United States v. Waguespack, 935 F.3d 322, 337 (5th Cir. 2019); see also United States v. Martinez, 739 F. App'x 245, 247 (5th Cir. 2018) (mem.) (citing United States v. Diaz, 637 F.3d 592, 604 (5th Cir. 2011)).

The record is clear that Schroeder pleaded guilty to two counts of assault with a dangerous weapon while his codefendants each pleaded guilty to a single count of assault with a dangerous weapon. Schroeder provided an affidavit asserting that he coerced his codefendants with the threat of violence to participate in the attack. He now seeks to retract that affidavit to assert disparities in the sentence that he received as compared to his codefendants. The Court will not countenance Schroeder's insistence that his prior perjury is a present basis for a reduction in his sentence. There is no merit to this argument.

Schroeder contends both that his failing eyesight is grounds for a reduction in sentence and his parents' deteriorating health necessitates he be released to be their caregiver. These incongruous arguments are not supported by evidence and, having considered the § 3553(a) factors, are insufficient on the information and arguments provided to warrant a reduction in sentence. Even were they an adequate basis, Schroeder fails to present an extraordinary or compelling reason why a reduction of the sentences for assault with a dangerous weapon should follow given that he has not begun to serve either sentence and would not be immediately released. The Court lacks jurisdiction to reduce the sentence imposed by the Middle District of Florida,

which has not been reduced and will continue to run until at least 2030 unless reduced by that court. Only then could either of Schroeder's contentions even be cognizable.

Finally, Schroeder contends that his recent good behavior during incarceration is grounds for a reduction in his sentence. Continued good conduct is a necessary component, but insufficient grounds for a reduction in sentence. See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Though rehabilitation alone is insufficient, it may be considered in conjunction with other factors. U.S.S.G. 1B1.13 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."). As discussed *supra*, Schroeder has not asserted any presently valid grounds for a reduction of the sentence imposed by this Court. Valid grounds may exist in the future once Schroeder's sentence for assault with a dangerous weapon actually begins, at which time continued good behavior may be considered in support of a motion made on some other grounds.

## IV. CONCLUSION

The Court, having considered the sentencing factors set forth in 18 U.S.C. § 3553(a) and the arguments of the parties, Schroeder's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this ___ day of January 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT